IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOHN C. SKINNER, Register No. 1069523, )
DEREK Q. JAMES, Register No. 182777, )
　)
　　　　　Plaintiffs, )
　)
　　　v. ) No. 05-4376-CV-C-NKL
　)
DAVE DORMIRE, et al., )
　)
　　　　　Defendants. )

## REPORT, RECOMMENDATION AND ORDER

　　　Plaintiffs, inmates confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

　　　On February 2, 2006, this court recommended that plaintiffs' claims of denial of access to courts be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915. The undersigned further recommended that plaintiffs' motion to certify a class action be denied. Plaintiffs have filed objections; motions to amend, for temporary restraining order, and for reimbursement of funds to purchase legal supplies; an emergency motion to obtain legal supplies; and several notices of filings.

　　　Plaintiffs' motion for leave to amend will be granted. A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served. Fed. R. Civ. P. 15. No responsive pleading has been filed in this case, therefore, plaintiffs' motion is granted.

　　　Plaintiffs' objections and subsequent notices of filings argue that actual injury to contemplated legal claims has occurred because they have no monies to buy any legal supplies necessary to challenge their state conviction within the impending deadlines. Plaintiffs allege that all (100%) of their state tip monies are being used to pay filing fees, and that defendants

refuse to provide necessary legal supplies. Plaintiffs also state they are not seeking a class action.

Upon consideration, plaintiffs will be granted leave to proceed in forma pauperis on their claims of denial of access to courts against defendants David Dormire, Bill Galloway, Arthur Wood, Larry Crawford, Steve Long, Dan Kempker, Jay Cassidy, Gene James, Edward Ruppel, Rita Martin, Nina Branson, and Jim Murphy. Although plaintiffs' allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiffs to proceed at this stage.

Plaintiffs, however, are ordered to submit a brief and concise amendment to their complaint, setting forth specific allegations of actual injury to a pending or contemplated legal claim. Plaintiffs may submit two individual amendments or one combined amendment; however, both Skinner and James must provide their individual specifics as to actual injury. Plaintiffs should not continue to make multiple duplicate filings with the court because such filings slow the processing of their case.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff Skinner is capable of making an initial payment of $170[1] toward the filing fee and plaintiff James is capable of making an initial payment of $.17 toward the filing fee. Plaintiffs should contact prison officials to have the initial payments processed. In the future, prison officials will withdraw funds from plaintiffs' accounts and forward them to the court, until the filing fee is paid in full. If either plaintiff fails to make

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

his initial payment, his respective claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

Although identified as defendants in plaintiffs' complaint, plaintiffs' claims against Missouri Department of Corrections and Jefferson City Correctional Center should be dismissed. The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacity. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989). Thus, plaintiffs' claims against these defendants should be dismissed.

After review of plaintiffs' motions for emergency relief and reimbursement of funds to purchase legal supplies, the court finds that preliminary injunctive relief is not warranted at this time. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

3

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Both plaintiffs have made multiple filings with this court, and have missed no deadlines; therefore, the court finds that irreparable harm is not threatened at this time.  Additionally, as to other pending court cases plaintiffs may have or are seeking to file, it appears from plaintiffs' filings that the deadlines in these cases are not imminent.  Plaintiffs' claims for injunctive relief as to allegations of denial of access to courts are claims which can be addressed via the normal processing of this case.

IT IS, THEREFORE, ORDERED that plaintiffs' motion to amend their complaint is granted [22].  It is further

ORDERED that plaintiffs' motion to certify a class action is denied as moot [15].  It is further

ORDERED that the Report and Recommendation of February 2, 2006, is vacated, and pursuant to 28 U.S.C. § 1915, plaintiffs are granted leave to proceed in forma pauperis on their claims of denial of access to courts [18].  It is further

ORDERED that within thirty days, plaintiff Skinner make an initial payment of $1.70 toward the $250.00 filing fee and plaintiff James make an initial payment of $.17 toward the $250.00 filing fee.  It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process.  It is further

4

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiffs at their place of incarceration. It is further

ORDERED that within twenty days, plaintiffs submit a brief and concise amendment to their complaint, setting forth specific allegations of actual injury to a pending or contemplated legal claim. It is further

RECOMMENDED that plaintiffs' claims against Missouri Department of Corrections and Jefferson City Correctional Center be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. It is further

RECOMMENDED that plaintiffs' motions for preliminary injunctive relief be denied [25, 26, 27].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 4th day of April, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5