IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN C. SKINNER, Register No. 1069523, | ) | |
| DEREK Q. JAMES, Register No. 182777, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-4376-CV-C-NKL |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiffs John C. Skinner and Derek Q. James, inmates confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On June 1, 2006, defendants filed a motion to dismiss citing plaintiffs' failure to comply with court orders, failure to state a claim, and because plaintiff James is a three-strikes litigator. Plaintiffs have filed responses and defendants have replied.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

*Failure to Comply With Court Orders*

On April 4, 2006, an order was entered by this court directing plaintiffs to submit a brief and concise amendment to their complaint, setting forth specific allegations of actual injury to a pending or contemplated legal claim, in support of their claims of denial of access to courts.

Plaintiff James has failed to file such amendment and his claims should be dismissed for failure to comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b). An allegation that prison officials will not allow plaintiffs to meet in order to prepare a joint amendment to their complaint does not prevent plaintiffs from filing the amendment(s) to their complaint as ordered. The order of this court specifically advised plaintiffs that they could "submit two individual amendments or one combined amendment."

On July 19, 2006, plaintiff Skinner complied with the order of this court and filed a proposed amended complaint.

*Failure to State a Claim*

To state a claim of denial of access to courts, an inmate must have suffered an actual injury to a pending or contemplated legal claim. Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996) (citing Lewis v. Casey, 518 U.S. 343, ___, 116 S. Ct. 2174, 2179 (1996)). In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. at 353). In Lewis v. Casey, the Court stated that "[d]epriving someone of a frivolous claim, . . . deprives him of nothing at all . . . ." Johnson v. Missouri, 142 F.3d at 1089 (citing Lewis v. Casey, 518 U.S. at 353 n.3).

Upon review of plaintiff Skinner's proposed amended complaint, the court finds that plaintiff has failed to set forth allegations that he has suffered actual injury to a pending or contemplated legal claim. Plaintiff's allegation that he had to request an extension of time from the Eighth Circuit Court of Appeals for filing documents in his case, Skinner v. State, No. 06-1512 (8th Cir. filed Feb. 15, 2006), fails to allege actual injury. Furthermore, plaintiff's nonspecific allegation that he "has a case that has went unfiled due to lack of postage," also fails to allege actual injury. Absent actual injury, plaintiff's allegation that he is being forced to choose between purchasing hygiene or legal supplies is insufficient to state a claim. Myers, 101 F.3d at 544. Plaintiffs were ordered by this court to submit a brief and concise amendment to their complaint, setting forth specific allegations of actual injury to a pending or contemplated legal claim. Plaintiff Skinner's proposed amended complaint has failed to set forth such allegations and should be dismissed for failure to state a claim.

2

*Three-Strikes Litigator - James*

This court finds that plaintiff James is a frequent litigator who has had several cases dismissed for failure to state a claim or because frivolous under 28 U.S.C. § 1915. See James v. Schriro, No. 99-4264 (W.D. Mo. 2000) (failure to state a claim on which relief may be granted); James v. Schriro, No. 99-3392 (W.D. Mo. 1999) (failure to state a claim on which relief may be granted); James v. Schriro, No. 00-1462 (8th Cir. 2000) (affirming frivolous dismissal and counting dismissal as strike under section 1915(g)). Under 28 U.S.C. § 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff James' claim alleging denial of legal supplies and denial of access to courts fails to allege imminent danger of serious physical injury.

*Conclusion*

Plaintiff James failed to comply with the orders of this court to file an amended complaint setting forth allegations that he has suffered actual injury to a pending or contemplated legal claim; therefore, his claims should be dismissed, pursuant to Fed. R. Civ. P. 41(b). Moreover, James' claims are subject to dismissal because he is a three-strikes litigator.

Plaintiff Skinner's allegations in his proposed amended complaint fail to state a claim on which relief may be granted under 42 U.S.C. § 1983, and therefore, should be dismissed.

In light of this court's recommendation of dismissal, all other remaining motions should be denied as moot.

IT IS, THEREFORE, RECOMMENDED that defendants' motion to dismiss be granted and plaintiffs' claims be dismissed, with prejudice [38]. It is further

RECOMMENDED that all other remaining motions be denied as moot [37, 39, 40, 43, 46, 50, 51, 57, 61, 63, 66].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 30th day of August, 2006, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge