IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN C. SKINNER, Register No. 1069523, ) | |
| DEREK Q. JAMES, Register No. 182777, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 05-4376-CV-C-NKL |
| ) | |
| DAVE DORMIRE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On August 30, 2006, the United States Magistrate Judge recommended granting defendants' motion to dismiss and dismissing plaintiffs' claims; and that remaining motions be denied as moot. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff Skinner on October 6, 2006. No objections were filed by plaintiff James.

The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted as to defendant James' claims, and his claims are dismissed for failure to comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b). The court further notes that plaintiff James is a three-strikes litigator.

Plaintiff Skinner, however, will be allowed to proceed on his claims that he is being denied access to courts and being forced to choose between purchasing hygiene supplies or legal supplies. Plaintiff's objections, in contrast to the amended complaint reviewed by the Magistrate Judge, cite actual injury to a contemplated or pending nonfrivolous legal claim. Plaintiff cites that he has been unable to file a claim regarding excessive force due to lack of sufficient postage to prosecute his claim. Such allegations, when taken in the light most favorable to plaintiff, are sufficient to allow him to proceed at the motion-to-dismiss stage. The court cannot determine, at this stage in the proceedings, that plaintiff Skinner can prove no set of facts in support of his claims which would entitle him to relief.

However, because defendants' motion to dismiss is being denied based upon allegations contained only in plaintiff Skinner's objections, and because co-plaintiff James is being dismissed from this case, all previous remaining motions are denied, without prejudice, subject to refiling if plaintiff Skinner determines such relief is necessary to his claims.

Additionally, plaintiff Skinner is ordered to file an amended complaint, which should contain only claims regarding plaintiff Skinner, and not plaintiff James, and only plaintiff Skinner's claims regarding denial of access to courts.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Magistrate Judge's August 30, 2006 Report and Recommendation is adopted, in part [68]. It is further

ORDERED that defendants' motion to dismiss is granted, in part, and denied, in part [38]. It is further

ORDERED that defendants' motion to dismiss is granted on plaintiff James' claims, and his claims are dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with court orders. It is further

ORDERED that defendants' motion to dismiss is denied as to plaintiff Skinner's claims of denial of access to courts. It is further

ORDERED that within twenty days, plaintiff Skinner file an amended complaint as set forth herein. It is further

ORDERED that all remaining motions in this case are denied, without prejudice [37, 39, 40, 43, 46, 50, 51, 57, 61, 63, 66, 73, 74. 75, 76, 78].

/s/
NANETTE K. LAUGHREY
United States District Judge

Dated: October 25, 2006
Jefferson City, Missouri