IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN C. SKINNER, Register No. 1069523, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4376-CV-C-NKL |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

     Plaintiff John C. Skinner, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

     Before this court are plaintiff Skinner's motions for copies of documents, to amend and supplement, for a preliminary injunction, and for an emergency hearing.

     Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr,

676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Plaintiff's requests for preliminary injunctive relief and an emergency hearing should be denied. Plaintiff has been granted leave to proceed on the very claims which he seeks preliminary injunctive relief. There is no indication that plaintiff's claims challenging his alleged denial of access to courts cannot be addressed via the normal processing of this case. Plaintiff continues to make numerous filings with this court; thus, there is no indication that irreparable harm is threatened by denial of legal supplies. Further, the court can consider requests for extensions of time should the necessity arise.

On October 26, 2006, an order was entered granting plaintiff leave to proceed on his claims regarding denial of access to courts and being forced to choose between purchasing hygiene supplies or legal supplies. The order directed plaintiff to file an amended complaint setting forth such claims. Therefore, plaintiff's motion to amend is granted.

The court notes plaintiff's filing advising the removal of defendants Dave or James Murphy. The Clerk of Court will be directed to modify the docket sheet accordingly. The Court also notes the defendants named in plaintiff's amended complaint have previously waived service of process and are represented by counsel.

For cause shown, plaintiff's request for a return-copy of his amended complaint will be granted on this one occasion. Plaintiff is advised that for all future purposes, he may obtain copies by requesting such documents from the Clerk of Court at the current rate of ten cents per page for documents maintained in electronic form, and fifty cents per page for documents maintained in paper form only. The cost of such copies must be paid in advance.

2

IT IS, THEREFORE, ORDERED that plaintiff's motion for a return copy of his amended complaint is granted, and the Clerk of Court is directed to forward such copy to plaintiff [81]. It is further

ORDERED that plaintiff Skinner's motion to amend is granted [83]. It is further

ORDERED that the Clerk of Court modify the docket sheet indicating defendants Dave or James Murphy are termed as per plaintiff's amended complaint [81]. It is further

RECOMMENDED that plaintiff's motions for a preliminary injunction and an emergency hearing be denied, without prejudice [85, 88].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 11th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge