# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN C. SKINNER, Register No. 1069523, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4376-CV-C-NKL |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On May 3, 2007, United States Magistrate Judge William A. Knox recommended defendants' motion to dismiss be granted and plaintiff's claims alleging denial of hygiene supplies and corresponding claims alleging being forced to choose between purchasing hygiene and legal supplies be dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e, and plaintiff's claims alleging denial of access to courts be dismissed, with prejudice, for failure to state a claim under 42 U.S.C. § 1983. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on May 21, 2007. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of May 3, 2007, is adopted. [108] It is further

ORDERED that defendants' motion to dismiss is granted and plaintiff's claims alleging denial of hygiene supplies and corresponding claims alleging being forced to choose between purchasing hygiene and legal supplies are dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e; and plaintiff's claims alleging denial of access to courts are dismissed, with prejudice, for failure to state a claim under 42 U.S.C. § 1983. [94]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: March 18, 2008
Jefferson City, Missouri